# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION**                                   MDL No. 2814

## TRANSFER ORDER

**Before the Panel**:[*] Defendant Ford Motor Company moves under 28 U.S.C. § 1407 to centralize this litigation in the Central District of California. This litigation currently consists of 110 actions pending in seven districts, as listed on Schedule A.[1] Since the filing of the motion, the Panel has been notified of 57 related federal actions.[2]

Plaintiffs in 60 actions on the motion and 32 potential tag-along actions, represented by two law firms, oppose centralization. At oral argument, opposing plaintiffs in all but one of those actions stated that the Central District of California would be an acceptable choice to plaintiffs. Plaintiffs in the remaining 50 actions on the motion have not responded and thus are deemed to have acquiesced in the motion under Panel Rule 6.1(c).

The plaintiffs opposing centralization do not dispute that all actions present factual questions concerning the allegedly defective DPS6 PowerShift transmission in certain Ford Fiesta and Ford Focus vehicles. Instead, they argue that centralization is not appropriate because the actions also involve individualized questions of fact regarding the problems experienced by each plaintiff's vehicle, the nature and number of repairs, the efficacy of the repairs, and the extent to which the alleged defect impaired each plaintiff's use of the vehicle. They further identify a handful of cases alleging additional problems unrelated to the transmission. But the central question in all actions is whether the DPS6 PowerShift transmission is defective and, as a result, caused operational problems relating to the transmission that affect the drivability, safety, and value of the vehicles. Product liability litigation typically involves some plaintiff-specific factual issues, but centralization still may be warranted where the actions allege a common defect involving similar products manufactured by the same company. *See In re: MI Window and Doors, Inc., Prods. Liab. Litig.*, 857

---

[*] Certain Panel members who could be members of the putative classes in this litigation have renounced their participation in the classes and have participated in this decision.

[1] The motion for centralization lists 111 actions. One action (*Rerich*) recently was terminated without prejudice pursuant to a joint stipulation of the parties.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

-2-

F. Supp. 2d 1374, 1375 (J.P.M.L. 2012). Transfer under Section 1407 does not require a complete identity of factual issues when the actions arise from a common factual core. *See In re: Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371, 1372 (J.P.M.L. 2007).

Plaintiffs further argue that centralization would be unjust on the ground that Ford improperly removed the vast majority of cases to avoid adverse state court rulings, and many plaintiffs have remand motions pending. It is well-established that jurisdictional objections, including objections to removal, are not relevant to transfer. This is so even where, as here, plaintiffs assert that the removals were patently improper. "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). Plaintiffs alternatively request a delay or stay of the decision on centralization until their motions for remand to state court are decided, but there is no persuasive basis to do so. The Panel's longstanding practice is to decide motions to transfer even though remand motions are pending, as plaintiffs can present those motions to the transferee court. *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Additionally, plaintiff in *Hibdon* argues that Ford intends to use the MDL to delay resolution of the cases and coerce plaintiffs into undesirable settlements. But plaintiff's concerns about litigation delays and the future of settlement discussions are highly speculative. Moreover, these essentially are case management issues. As we have observed ,"[i]t is incumbent upon the parties to bring their concerns to the attention of the transferee court and to propose ways to resolve them." *See In re: Walgreen's Herbal Supplements Mktg. and Sales Practices Litig.*, 109 F. Supp. 3d 1373, 1376 (J.P.M.L. 2015).

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share complex factual questions arising out of allegations that the DPS6 PowerShift Transmission installed in certain Ford Fiesta and Ford Focus vehicles[3] is defective and negatively affects the drivability, safety, and useful life of the vehicles. The actions allege that plaintiffs' vehicles suffer from similar transmission-related problems, including slipping, bucking, jerking, sudden acceleration, delayed acceleration and downshifting, and premature wear that requires repair or replacement. Common factual questions include (1) whether the design or manufacturing of the PowerShift transmission is defective; (2) defendant's knowledge of, and conduct in response, to the alleged defect; and (3) whether vehicle owners and lessees have suffered a diminution in vehicle value or other economic damages. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

---

[3] The allegations involve Ford Fiesta model years 2011 to 2016 and Ford Focus model years 2012 to 2016.

-3-

We conclude that the Central District of California is an appropriate transferee district for this litigation.  The vast majority of the actions are pending in California, including 35 actions in the Central District.  Centralization in this district also will facilitate coordination with California state court litigation involving the same alleged defect.  Judge André Birotte, Jr., managed a related nationwide class action settlement involving the same Ford vehicles and alleged transmission defect,[4] and thus is familiar with the factual and legal issues in this litigation.  He presides over the actions pending in this district, and is an experienced transferee judge.  We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable André Birotte, Jr., for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

---

[4] *See Vargas v. Ford Motor Co.*, C.A. No. 12-8388 (C.D. Cal).

IN RE: FORD MOTOR CO. DPS6 POWERSHIFT
TRANSMISSION PRODUCTS LIABILITY
LITIGATION                                                    MDL No. 2814

## SCHEDULE A

Central District of California

HIBDON v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:17-06355
ALONSO v. FORD MOTOR COMPANY, C.A. No. 2:17-06622
FORT v. FORD MOTOR COMPANY, C.A. No. 2:17-06631
BAGWELL v. FORD MOTOR COMPANY, C.A. No. 2:17-06632
BARRALES v. FORD MOTOR COMPANY, C.A. No. 2:17-06638
GIBSON v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:17-06644
HERMOSILLO v. FORD MOTOR COMPANY, C.A. No. 2:17-06651
MAGANA, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:17-06653
MEJIA v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:17-06654
PEDANTE v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:17-06656
RULE v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:17-07204
PADILLA v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:17-07236
HOGGE v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:17-07256
GOMEZ v. FORD MOTOR COMPANY, C.A. No. 2:17-07262
CRESPO v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:17-07297
HIATT v. FORD MOTOR COMPANY, C.A. No. 2:17-07321
TRUJILLO, ET AL. v. FORD MOTOR COMPANY, C.A. No. 2:17-07322
ALTAMIRANO-TORRES v. FORD MOTOR COMPANY, ET AL.,
        C.A. No. 2:17-07338
ALTIKRITI, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:17-07369
DOBIAS v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:17-07370
CASTANEDA v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:17-07416
SULLIVAN v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:17-07497
EMHARDT v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:17-07533
MOBLEY v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:17-07554
WRIGHT, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 5:17-01982
PAPAMICHAEL v. FORD MOTOR COMPANY, ET AL., C.A. No. 5:17-01986
RODRIGUEZ, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 5:17-02007
PADILLA, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 5:17-02015
WEST v. FORD MOTOR COMPANY, ET AL., C.A. No. 5:17-02018
BERRY, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 5:17-02034
HENRY, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 5:17-02036
PEREZ, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 5:17-02042
KEATING v. FORD MOTOR COMPANY, ET AL., C.A. No. 5:17-02044
HERNANDEZ, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 5:17-02045
MCGINNIS v. FORD MOTOR COMPANY, ET AL., C.A. No. 5:17-02047

- A2 -

Eastern District of California

ZIMMERSCHIED, ET AL. v. FORD MOTOR COMPANY, C.A. No. 1:17-01317
SORENSON, ET AL. v. FORD MOTOR COMPANY, C.A. No. 2:17-01987
WILLIAMS v. FORD MOTOR COMPANY, C.A. No. 2:17-02006
MALAGON v. FORD MOTOR COMPANY, C.A. No. 2:17-02051
VILLALOVOS v. FORD MOTOR COMPANY, C.A. No. 2:17-02053
BARRACK v. FORD MOTOR COMPANY, C.A. No. 2:17-02078
LOVEST v. FORD MOTOR COMPANY, C.A. No. 2:17-02079
CAMARGO v. FORD MOTOR COMPANY, C.A. No. 2:17-02092
MARQUEZ v. FORD MOTOR COMPANY, C.A. No. 2:17-02140
GLASSFORD v. FORD MOTOR COMPANY, C.A. No. 2:17-02145
DOLAN v. FORD MOTOR COMPANY, C.A. No. 2:17-02148
REYES v. FORD MOTOR COMPANY, C.A. No. 2:17-02151
NACUA, ET AL. v. FORD MOTOR COMPANY, C.A. No. 2:17-02153
MARTIN, ET AL. v. FORD MOTOR COMPANY, C.A. No. 2:17-02158

Northern District of California

BRIGGS v. FORD MOTOR COMPANY, C.A. No. 3:17-05762
HYDE, ET AL. v. FORD MOTOR COMPANY, C.A. No. 5:17-05613
SERVANTES, ET AL. v. FORD MOTOR COMPANY, C.A. No. 5:17-05615
THOMAS, ET AL. v. FORD MOTOR COMPANY, C.A. No. 5:17-05619
MENDEZ, ET AL. v. FORD MOTOR COMPANY, C.A. No. 5:17-05620
MARLOWE v. FORD MOTOR COMPANY, C.A. No. 5:17-05621
THEADE v. FORD MOTOR COMPANY, C.A. No. 5:17-05643
SCHATZMAN v. FORD MOTOR COMPANY, C.A. No. 5:17-05669
TORRES v. FORD MOTOR COMPANY, C.A. No. 5:17-05694
ACEVES v. FORD MOTOR COMPANY, C.A. No. 5:17-05695
FORRESTER v. FORD MOTOR COMPANY, C.A. No. 5:17-05698
TORRES, ET AL. v. FORD MOTOR COMPANY, C.A. No. 5:17-05699
RODRIGUEZ-DIAZ v. FORD MOTOR COMPANY, C.A. No. 5:17-05701
RODGERS v. FORD MOTOR COMPANY, C.A. No. 5:17-05703
HERNANDEZ v. FORD MOTOR COMPANY, C.A. No. 5:17-05704
SIMMONS v. FORD MOTOR COMPANY, C.A. No. 5:17-05705
INDIVERI v. FORD MOTOR COMPANY, C.A. No. 5:17-05706
GARCIA v. FORD MOTOR COMPANY, C.A. No. 5:17-05711
CONNAUGHTON, ET AL. v. FORD MOTOR COMPANY, C.A. No. 5:17-05712
KLEIN v. FORD MOTOR COMPANY, C.A. No. 5:17-05722
MAGAN, ET AL. v. FORD MOTOR COMPANY, C.A. No. 5:17-05730
KANE, ET AL. v. FORD MOTOR COMPANY, C.A. No. 5:17-05745
MARTINEZ v. FORD MOTOR COMPANY, C.A. No. 5:17-05746
PADILLA v. FORD MOTOR COMPANY, C.A. No. 5:17-05747

- A3 -

PAYSENO v. FORD MOTOR COMPANY, C.A. No. 5:17-05749
RAVEN v. FORD MOTOR COMPANY, C.A. No. 5:17-05750
RIVERA v. FORD MOTOR COMPANY, C.A. No. 5:17-05751
BECKER, ET AL. v. FORD MOTOR COMPANY, C.A. No. 5:17-05765
GONZALEZ v. FORD MOTOR COMPANY, C.A. No. 5:17-05885
REINPRECHT v. FORD MOTOR COMPANY, C.A. No. 5:17-05900
TAVITIAN v. FORD MOTOR COMPANY, C.A. No. 5:17-05915
ARCHIBALD, ET AL. v. FORD MOTOR COMPANY, C.A. No. 5:17-05922
DILLARD, ET AL. v. FORD MOTOR COMPANY, C.A. No. 5:17-05924
ESTRADA v. FORD MOTOR COMPANY, C.A. No. 5:17-05925
AGUILAR v. FORD MOTOR COMPANY, C.A. No. 5:17-05927
ALLIANO v. FORD MOTOR COMPANY, C.A. No. 5:17-05978
HESS v. FORD MOTOR COMPANY, C.A. No. 5:17-05996
ROMERO, ET AL. v. FORD MOTOR COMPANY, C.A. No. 5:17-06022

Southern District of California

MILES, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-01993
ROJAS, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02005
RALEIGH v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02035
CARDOSO v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02037
ROSE, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02038
MINKE, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02039
KENNEDY v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02040
STANTON v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02043
MODROW v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02044
ROCHE v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02045
REECE v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02046
MENDOZA v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02047
SALGADO, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02048
OMARK v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02049
MUHAMMAD v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02050
SMITHFIELD, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02109
PORTER, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02111
FUKASAWA, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02116
BILLIARD v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02121
ESQUIBEL v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:17-02157

District of Hawaii

HEMZA v. FORD MOTOR COMPANY, ET AL., C.A. No. 1:17-00296

- A4 -

<u>Southern District of Ohio</u>

MARTIN, ET AL. v. FORD MOTOR COMPANY, C.A. No. 1:16-00855

<u>Eastern District of Texas</u>

ASCENSIO, ET AL. v. FORD MOTOR COMPANY, C.A. No. 4:17-00074